UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST KELLY HOLESTINE,<br>    Plaintiff,<br>    v.<br>M.B. ATCHLEY, et al.,<br>    Defendants. | Case No. 20-06677 BLF (PR)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Docket No. 3) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison. Dkt. No. 1. Along with the complaint, Plaintiff filed a motion for a preliminary injunction and temporary restraining order against SVSP Defendants Warden M. B. Atchley and G. Padilla, the Chief Executive Officer, to instruct, educate, supervise and monitor all SVSP staff regarding the proper use of masks in relation to covid-19 disease transmission health and safety prevention protocols. Dkt. No. 3; Dkt. No. 1 at 8.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the

parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Plaintiff asserts that he satisfies the first requirement and concedes that he has not satisfied the second requirement of notice.  Dkt. No. 3 at 4.  Notwithstanding the fact that Defendants have not been served in this matter, the Court finds Plaintiff has failed to satisfy all the requirements under *Winter* to justify a TRO at this time.  With respect to the first element, likelihood of success on the merits, Plaintiff has failed to show that he is likely to succeed on his claim for injunctive relief against Defendants who are in a supervisory manner over the SVSP staff who are allegedly not complying with safety protocols related to covid-19.  Plaintiff admits that on the same day that an inmate first tested positive for covid-19, Defendants Atchley and Padilla sent out a "message"

reassuring all inmates that they were "'doing all we can to keep everybody safe'" and would "continue to follow Centers for Disease Control and Prevention and California Department of Public Health guidelines for responding to COVID-19." Dkt. No. 1 at 5; Dkt. No. 1-2 at 28. Plaintiff claims that despite this message, SVSP staff continue to wear their masks improperly. Dkt. No. 1 at 5. It is unclear whether this was due to Defendants' failure to properly train or the SVSP staff's individual negligence or intentional disregard of the procedures in which they were already trained; if the latter, then Defendants cannot be liable. Accordingly, Plaintiff has not established that he is likely to succeed on the merits against Defendants. Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). Accordingly, Plaintiff's motion for a TRO is DENIED without prejudice at this time.

This order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated: _September 29, 2020____

BETH LABSON FREEMAN
United States District Judge

Order Denying TRO
PRO-SE\BLF\CR.20\06677Holestine_deny.tro

3